**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOESPH CASTILLO, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 5:22-cv-00472-XR |
| | § | |
| HANK SULLY, LLC | § | |
| | § | |
| Defendant | § | |

**DEFENDANT'S MOTION TO DISMISS**

Hank Sully, LLC ("Hank Sully") moves for the dismissal of the Complaint in this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for the reasons set forth below.

**INTRODUCTION AND BACKGROUND**

Joseph Castillo ("Castillo") claims to be a disabled ADA "tester" who wants to "utilize ADA litigation to make his home community more accessible for Plaintiff and others."[1] It is clear based on the Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269 (5th Cir. 2021) that testers like Mr. Castillo do not have standing to sue because their interest in enforcing the ADA for the public good is not the kind of personal interest that can give rise to a concrete injury sufficient to satisfy Article III of the Constitution. In fact, a judge in the Northern District of Texas has dismissed a complaint almost identical to Mr. Castillo's because the standing allegations were not sufficient.[2] Castillo has not plausibly alleged any Article III injury and his Complaint therefore fails to allege either subject matter jurisdiction or a cause of action under the ADA. Mr. Castillo has also failed to plausibly allege that removal of the alleged architectural barriers is "readily

---

[1] Complaint at ¶7.
[2] See, part II below.

**MOTION TO DISMISS**                                                    **Page 1 of 15**

achievable," an allegation necessary to state a claim for relief under Title III of the ADA. Because he has failed to allege facts necessary to demonstrate subject matter jurisdiction and to state a claim his Complaint should be dismissed.

## ARGUMENT

**I.      Standard for determining a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6).**

**A.      Rule 12(b)(1)**

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," and "[a]t the pleading stage, the 'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271–72 (5th Cir. 2021).[3] Because standing is fundamental to subject matter jurisdiction under Article III of the Constitution this plausible set of facts must include an allegation the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). Pleading an "injury in fact" requires that the plaintiff "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548. Even when the injury is defined by statute, "the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'" *Laufer,* 996 F.3d at 272.[4]

The importance of a concrete interest beyond mere enforcement of a statutory right was confirmed by the Supreme Court shortly after the *Laufer* decision in *Transunion LLC v. Ramirez,* 141 S.Ct. 2190 (2021). *Ramirez* was a class action on behalf of victims of violations of the Fair

---

[3] Quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012), respectively.
[4] Quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).

Credit Reporting Act. The victims fell into two categories; those who had incorrect information stored in the defendant's computers and those whose incorrect information was not only stored, but also disseminated to third parties. 141 S.Ct. at 2202. The Court found that only the latter group had suffered the kind of concrete injury required for Article III standing. 141 S.Ct. at 2208. The former group had not suffered any Article III injury despite the fact the statute had been violated and Congress granted a cause of action. The Supreme Court held that "the public interest that private entities comply with the law" cannot "be converted into an individual right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue." 141 S.Ct. at 2206. Thus, even if a plaintiff like Mr. Castillo wants to advance the public interest and finds a statutory violation he has no standing to sue unless that violation causes him a concrete and particularized harm.

In addition, the Fifth Circuit has repeatedly held that ADA plaintiffs must allege "in detail" how the supposed ADA violation will "negatively affect their day-to-day lives." See, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018) and *Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (en banc).

For claims brought under the ADA, proving a past injury is not enough. Because Title III of the ADA provides only for injunctive relief the plaintiff must also plead a plausible intent to return to the defendant property. *Deutsch,* supra 882 F.3d at 173. Without the imminent danger of future injury the plaintiff does not have standing to seek injunctive relief and the claim must fail. "[P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement [of Article III] only by demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).[5] The threatened injury must also be an injury in fact

---

[5] And see, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018).

and there must be a "substantial risk" the injury will occur. *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). An allegation of a past wrong is not sufficient to allege an imminent future wrong. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).[6] Because an injury in fact must be "concrete" this requires a substantial risk that the plaintiff will in the future suffer the same kind of concrete and particularized harm that satisfies the Article III injury requirement for past injury.

### B.  Rule 12(b)(6)

In determining a Rule 12(b)(6) motion "well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff," but "factual allegations must be sufficient to raise a right to relief beyond the merely speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To meet this standard, a complaint must provide more than just conclusory statements; "it must allege enough facts to move the claim 'across the line from conceivable to plausible.' " *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Twombly,* at 570).

### II.  Another court has already rejected standing allegations identical to Mr. Castillo's allegations.

The Complaint in this case bears a striking resemblance to complaints filed on behalf of other plaintiffs, including notably the Amended Complaint in *Segovia v. Admiral Realty, Inc.*, Case

---

[6] Quoted in *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021)

3:21-cv-02478-L in the United States District Court for the Northern District of Texas.[7] With the exception of a two paragraphs that appear only in the *Segovia* complaint[8] the standing allegations in the two complaints are almost identical, even including the "lives within 30 miles" allegation that appears in all the complaints filed by Mr. Castillo and his attorneys.[9] Because the complaints are substantively identical, the best authority with respect to Mr. Castillo's standing is the Memorandum Opinion granting the defendant's Motion to Dismiss in the case *Segovia v. Admiral Realty, Inc.*, 2022 WL 3104849 (N.D. Tex. Aug. 4, 2022).[10] Judge Lindsay's reasoning speaks for itself and is not repeated here.

### III. Plaintiff does not have Article III standing as a "tester."

Of course Judge Lindsay's Memorandum Opinion is not the only relevant authority. The Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271–72 (5th Cir. 2021) eliminated any claim that a "tester" has standing based on their interest in enforcing the ADA for the public good. In *Laufer* the plaintiff was, like Mr. Castillo, an ADA tester. Ms. Laufer claimed she was a tester who visited hotel websites "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]." 996 F.3d at 272 (5th Cir. 2021). Mr. Castillo alleges the same kind of interest in visiting the Property that is the subject of this lawsuit[11]:

> Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiffs' civil rights,

---

[7] A copy is attached as Exhibit 1. The plaintiff's attorney in that case, Duncan Strickland, appears to share both clients and form complaints with Mr. Castillo's attorneys and sometimes appears as their co-counsel.
[8] Paragraphs 10 and 24.
[9] A list of Mr. Castillo's ADA lawsuits in the Western District of Texas is attached as Exhibit 2.
[10] A copy is attached as Exhibit 2 for the Court's convenience.
[11] Complaint at ¶7.

monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.[12]

In her work as a "tester" Laufer visited hotel websites to find out whether they included information about accessibility required by ADA regulations. 996 F.3d at 271. She did not, however, make any reservations at the hotel or have any clear intent to do so in the future. *Id.* The Fifth Circuit found that because she was looking for information that she did not need or intend to use, she had not suffered the kind of concrete injury required by Article III.

> Even assuming arguendo that a failure to advertise accessibility information could support an ADA claim, Laufer still "would need to allege at least that the information had 'some relevance' to her.". . . Without sufficiently concrete plans to book a stay at the motel, Laufer has failed to do so.

996 F.3d at 273 (internal citations omitted). Calling herself a tester could not make up for the lack of a personal interest: "Laufer's assumed status as an "ADA tester" does not absolve her of the need to show an injury in fact for standing purposes." 996 F.3d at 273.

As a "tester" Mr. Castillo, like Ms. Laufer, lacks the kind of personal interest in the accessibility of the Property that could create the concrete, personal injury required by Article III. Just as Ms. Laufer visited a hotel website with no intent to use the information available, so Mr. Castillo visited the Property with no plausible intent to use its goods and services. Just like Ms. Laufer, Mr. Castillo had no personal interest in either parking or going into the store. He was there, as he admits, to look for ADA violations so he could file a lawsuit[13] just as he has at least sixteen times this year.[14] His interest was in the abstract enforcement of the ADA, not in buying goods or

---

[12] Complaint at ¶7.

[13] Complaint at ¶7

[14] See, Exhibit 3, list of Castillo ADA lawsuits. A plaintiff's litigation history may undercut their attempt to prove an intent to return. *Hunter v. Branch Banking and Tr. Co.*, 2013 WL 4052411, at *5 (N.D. Tex. Aug. 12, 2013), citing *Norkunas v. Wynn Resorts Holdings, LLC*, 2007 WL 2949569, at *4 (D.Nev. Oct.10, 2007) (stating that "a plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return"); *Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1374–75 (M.D.Fla.2004) (similar).

services, so his injury, if any, was not concrete and personal and does not satisfy the requirements of Article III.

It is true that Mr. Castillo alleges several times that he visited "as a patron" or "to patronize"[15] but this conclusory allegation fails to meet the requirement that an allegation be "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and have sufficient specificity "to raise a right to relief above the speculative level," *id.* at 555, 127 S.Ct. 1955. Castillo alleges that he lives "within 30 miles" of the Property[16] and is near the Property "numerous times every month,"[17] the same allegation made in all of his other lawsuits[18] This hardly alleges a plausible intent to be a "patron" of a convenience store like 7-11. To be plausible there must be some explanation of why Mr. Castillo would drive 30 miles to shop at a 7-11, but all Mr. Castillo does is quote the language of the statute, saying he wants to use the "goods, services, facilities, privileges, advantages and/or accommodations" of the store.[19] Allegations of this kind that merely quote the statute are conclusory, not factual, and cannot satisfy *Twombly* and its progeny. As the Supreme Court observed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.""

The Second Circuit, like the Fifth, has recently rejected allegations very similar to Mr. Castillo's. *Calcano v. Swarovski N.A. Ltd.*, 36 F.4th 68 (2d Cir. June 2, 2022) concerned five

---

[15] Complaint at ¶¶9, 13, 14, 15, 21 and 22.
[16] Complaint at ¶11.
[17] Id.
[18] The Court can take judicial notice of nearly identical and equally vague allegations in Castillo's other lawsuits. He claims for example to live within thirty miles of "Bandera Road, a Bexar County thoroughfare that he frequents routinely," (*Castillo v Sanchez,* Case No. 5:22-cv-0301), and "Culebra Rd, a Bexar County thoroughfare that he frequents routinely" (*Castillo v. Bardoi Twins,* Case No. 5:22-cv- 00241).
[19] See, Complaint at ¶¶12, 21, 22, 23, 25, 27 and 35.

consolidated ADA cases brought by serial plaintiffs like Mr. Castillo whose cookie cutter complaints included only vague allegations of injury and intent to return. The Court found several deficiencies in the pleading, two of which are also found in the present case.

The first deficiency was an allegation of proximity that made any claim of an intent to return implausible. One of plaintiffs, Calcano, alleged that he lived "in Bronx, NY, and close to Defendant's retail store located at 10 Columbus Circle, New York, NY." *Id.* at *5. Of this the Court wrote:

> But depending on where Calcano lives in the Bronx, which the complaint does not say, that address could be up to an hour away from The Art of Shaving store at Columbus Circle. Standing on its own, this bare allegation of so-called "proximity" hardly supports an inference that Calcano, who is blind, would "immediately" make this inter-borough trip just to purchase braille gift cards from The Art of Shaving at Columbus Circle.

*Id.* The same could be said of Mr. Castillo's allegation in this case that he lives "within thirty (30) miles of the Subject Property" and area that includes other towns as far away as New Braunfels. [20] In this case, however, the required inference is even weaker because unlike Calcano, Mr. Castillo doesn't even say why he went to the 7-11 on North Zarzamora.

Just as important, the Second Circuit insisted that merely alleging an intent to be a patron was not sufficient to show a concrete and particularized injury:

> They do not say why they want to purchase braille gift cards—for their own use or as gifts—so urgently that they intend to do so "immediately … as soon as the Defendant[s] sell[ ] store gift cards that are accessible to the blind." . . . Without such basic information, Plaintiffs cannot possibly show that they have suffered an injury that is "concrete and particularized."

Like the plaintiffs in *Calcano* Mr. Castillo provides no allegations of fact that show a concrete and particularized injury. He does not say why he visited the store, what he intended to buy or how the alleged architectural barriers interfered with him completing whatever transaction he intended.

---

[20] Amended Complaint at ¶12.

Concerning a future injury he alleges only that he happens to pass by the store frequently, but the Court does not require extrinsic evidence to know that 30 miles is an implausibly long way to drive to visit a convenience store, or to know that even if Mr. Castillo frequently drives 30 miles to get to North Zarzamora he will pass many convenience stores getting there.[21] Without some factual allegation to support his claim of past and future patronage of this particular convenience store he has not plausibly alleged a concrete and particularized injury or a substantial risk of a future injury. Mr. Castillo has not provided any facts that would make his claim to be "a patron" of the Property plausible and has therefore failed to allege that he had the kind of personal interest in accessibility necessary for an Article III injury.

## IV. Mr. Castillo has not alleged a plausible injury from the alleged architectural barriers he claims to have encountered.

Even if Mr. Castillo had plausibly alleged an interest in the Property other than his interest in filing lawsuits his Complaint would still fail because it does not allege how the supposed barriers to access interfered with his patronage of the Property. To state a claim under Title III the plaintiff must not only allege the existence of an architectural barrier, he must also plausibly allege how that barrier affected him personally. See, *Mosley v. QuikTrip Corp.*, 2021 WL 5493444 (D. Ariz. Nov. 23, 2021). Mr. Castillo complains there are no signs for van accessible parking[22] but does not allege he drives a van or that he was unable to find an accessible parking space.[23] He complains that accessible parking spaces and access aisles are cracked and unlevel[24] but does not allege that

---

[21] See, *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) [In deciding a Motion to Dismiss "courts may also consider matters of which they may take judicial notice."] and *Weaver v. U.S.*, 298 F.2d 496, 498 (5th Cir. 1962) ["Judicial notice may be taken of facts known at once with certainty by all the reasonably intelligent people in the community without the need of resorting to any evidential data at all."]

[22] Complaint at ¶25(c), (d)

[23] His application to proceed in forma pauperis shows that he owns two automobiles but no van.

[24] Complaint at ¶25(a), (b).

he wanted to park in such a space or use its access aisle. He complains that paint is not properly maintained,[25] but does not claim he was unable to find a parking space; in fact, he clearly found the accessible parking because otherwise he would not have noticed the condition of the paint. He claims there is no accessible route from the public sidewalk,[26] but since he claims to have driven this would necessarily be irrelevant to him.[27] He claims the ice cooler and propane storage do not have sufficient maneuvering clearance but does not allege he wanted to buy ice or propane.[28] In fact, although Mr. Castillo alleges in general terms that he has difficulty walking and standing and that he "uses a wheelchair"[29] he does not allege that he is required to use a wheelchair or that wheelchair accessibility is a requirement for him to buy goods and services from a convenience store. The absence of such allegations makes his complaints concerning wheelchair accessibility inadequate for the reasons explained in a similar case from the Northern District of Texas:

> Part of the problem is that the extent of Strojnik's mobility issues is not clear from the complaint. He states that he walks with difficulty but does not provide any other information about the limitations on his ability to walk. Although he mentions a wheelchair once, he does not expressly plead that he requires one or refer to other mobility aids such as a walker. Strojnik has not established his standing to complain of the barriers in Addendum A.

*Strojnik v. 1530 Main LP*, 2020 WL 981031, at *4 (N.D. Tex. Feb. 28, 2020). Even if Mr. Castillo's allegations concerning the existence of architectural barriers are taken as true there is no plausible allegation that these were barriers to him or that he suffered any concrete injury because of their existence.

---

[25] Complaint at ¶25(e)

[26] Complaint at ¶25(f)

[27] Mr. Castillo claims, oddly, that the lack of an accessible route from the public sidewalk made it hard for him to park. An incoherent allegation is not plausible.

[28] Complaint at ¶25(h), (i).

[29] Complaint at ¶¶ 5, 6.

**V.      Mr. Castillo has not alleged an imminent future injury that would support injunctive relief.**

As noted above, for cases brought under Title III of the ADA injunctive relief is the only

relief available. A plaintiff must therefore show imminent future injury that will be avoided to state

a claim for relief. This requires both that the anticipated injury be an injury in fact and that it be

imminent:

> That threatened future injury "must be an injury in fact." . . . That means, as
> relevant here, that the injury must be " 'imminent' ... 'to ensure that the alleged
> injury is not too speculative for Article III purposes.'". . . "For a threatened future
> injury to satisfy the imminence requirement, there must be at least a 'substantial
> risk' that the injury will occur."

*Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). In an ADA case

this requires a plausible intention or desire to return:

> Plaintiffs who encounter barriers at public accommodations have standing to bring
> injunctive claims only if they show a plausible intention or desire to return to the
> place but for the barriers to access. *Deutsch v. Travis Cty. Shoe Hosp., Inc.*, 721
> F.App'x 336, 339-40 (5th Cir. 2018); see also *Pickern v. Holiday Quality Foods,
> Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Shotz v. Cates*, 256 F.3d 1077, 1081
> (11th Cir. 2001). A vague allegation of an intent to return to the place of injury
> "some day" is insufficient.[30]

*Strojnik v. Landry's Inc.*, 2019 WL 7461681, at *4 (S.D. Tex. Dec. 9, 2019).[31] Castillo has not

alleged any plausible reason (other than his search for lawsuits) to visit the Property in the first

place, so it is not surprising he also fails to plausibly plead an intent to return that would give rise

to an imminent threat of future harm. He claims he intends to revisit the Property "within six

months of the filing of this Complaint or sooner"[32] or "in the very near future,"[33] but does not

---

[30] Quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ["Such 'some day' intentions –
without any description of concrete plans, or indeed even any specification of when the some day
will be – do not support a finding of the 'actual or imminent' injury that our cases require"]
[31] Report and recommendation adopted sub nom. *Strojnik v. Landry's*, 2020 WL 42454 (S.D. Tex.
Jan. 2, 2020)
[32] Complaint at ¶13.
[33] Complaint at ¶22.

**MOTION TO DISMISS**                                                                                      **Page 11 of 15**

allege why he expects to return except "as a patron" – a meaningless conclusion – or as a tester looking for lawsuits. He goes so far as to suggest the Court should tell him when to return, pledging to "do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court," "including returning to the Subject Property."[34] A plaintiff waiting for the Court to tell him when he must return has only "someday intentions" that are not sufficient to plead an imminent future injury. See, *Strojnik v. Teof Hotel GP*, 2020 WL 5211063, at *4 (N.D. Tex. Aug. 31, 2020).[35]

Equally important, Mr. Castillo has not plausibly alleged that he will suffer a concrete harm if he does return, for his claim he will return as "a patron" is just as conclusory and implausible as his allegation that his first visit was as "a patron." Without a plausible allegation of intent to return so he can buy or at least shop for something Mr. Castillo has failed to allege an imminent future injury sufficient to plead a claim under the ADA.

## VI.  Mr. Castillo also fails to state a claim because he does not adequately allege that it is readily achievable to remediate the supposed accessibility barriers.

Mr. Castillo's only allegations about the cost and difficulty of removing the alleged barriers to access merely paraphrase the statute or are too vague to satisfy Rule 8. Mr. Castillo alleges:

> The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense.[36]

This merely paraphrases the language of the statute:

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense.[37]

---

[34] Complaint at ¶7.

[35] See also, *Access 4 All, Inc. v. Boardwalk Regency Corp.*, 2010 WL 4860565, *4 (D. N.J. Nov. 23, 2010). "An ADA plaintiff who seeks an injunction mandating removal of architectural barriers cannot "manufacture standing" by simply claiming that he intends to return to the defendant's establishment."

[36] Complaint at ¶30, 31

[37] 42 U.S.C. §12181(9)

Once again, "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. Castillo's description of why removal of the barriers to access can be readily achieved adds no useful detail.[38]

> Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.[39]

"Site conditions," "structural design" and "straightforward nature" are all left unexplained.

Equally important, there is no allegation that the benefits would exceed the costs. The Ninth Circuit recently articulated the Plaintiff's burden in pleading that removal of architectural barriers is readily achievable:

> Accordingly, we hold that to satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances.

*Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020). An earlier case from Texas, *Persyn v. Torres*, 2011 WL 1549203, at *3 (W.D. Tex. Apr. 22, 2011) illustrates why allegations like those in the Complaint are not adequate. In *Persyn* the plaintiff alleged that a concrete step was a barrier to access and that an aluminum ramp would eliminate it. The Court found the pleading was inadequate because "it does not state how a portable ramp would achieve ADA compliance without much difficulty or expense." *Id.* at *3.

The Complaint in *Persyn* at least describe a method for removing an architectural barrier; Mr. Castillo's Complaint does not go even that far. He does not suggest how any of the alleged access barriers might be removed, why this is made readily achievable by the site conditions and

---

[38] Complaint at ¶32, 34.
[39] Complaint at ¶32.

structural design or why the cost would be reasonable in terms of the benefit. In the absence of specific allegations concerning why removal of the alleged barriers to access is readily achievable the Complaint fails to state a claim on which relief may be granted.[40]

## CONCLUSION AND PRAYER

*Laufer's* holding that "deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation'"[41] anticipated by a few months the Supreme Court's confirmation of that rule in

Mr. Castillo has not plausibly alleged that he has suffered the "distinctive concrete harm" required by *Transunion* and *Laufer*. He has not plausibly alleged an imminent future injury that would give him standing to seek injunctive relief and he has not plausibly alleged that the required remediation is readily achievable Thus, he has failed to plead either subject matter jurisdiction or a claim for which relief may be granted and his Complaint should be dismissed under Rule 12(b)(1) and 12(b)(6).

Signed on August 12, 2022.

Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com

---

[40] This question has been extensively considered in District Courts in Florida and California. There is some contrary authority in Florida, but more recent cases all seem to hold that a conclusory allegation that barrier removal is readily achievable is not sufficient to state a claim. See, *Kennedy v. U and V Food Corp.*, 2019 WL 343201, at *5 (M.D. Fla. Jan. 10, 2019), report and recommendation adopted, 2019 WL 338914 (M.D. Fla. Jan. 28, 2019) and *McNeil v. Chereddy*, 2021 WL 2955860, at *5 (M.D. Fla. Apr. 8, 2021). The same is true in California; see, *Kee Sook Ahn v. Dale Harris, as Tr. of the Dale and Lynne Harris 2001 Revocable Tr. Dated October 8, 2001 et al.*, 2021 WL 6102507, at *3 (C.D. Cal. Nov. 24, 2021).
[41] *Laufer* 996 F.3d at 272, quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).

HUNT HUEY PLLC
3010 Mountain Ash Court
Garland, Texas 75044
Telephone:  (214) 641-9182
Facsimile:  (214) 279-6124

_____/s/_____
David Jed Williams
Texas State Bar No. 21518060
jwilliams@hfgtx.com

Hornberger Fuller Garza & Cohen
Incorporated The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, TX 78209
Telephone 210.271.1700

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record through the Court's ECF system as required by Rule 5 of the Federal Rules of Civil Procedure on August 12, 2022.

_____
Richard M. Hunt